**\*E-FILED ON 8/9/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PLATO.C.LLC and UNITED REVENUE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN JOSE, and APPEALS HEARING BOARD OF THE CITY OF SAN JOSE, <br><br> Defendants. | No. C05-01682 HRL <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** <br><br> **[Re: Docket No. 6]** |

Pursuant to Fed.R.Civ.P. 12(b)(6), defendants City of San Jose ("City") and the Appeals Hearing Board of the City of San Jose ("Board") move to dismiss the complaint filed by plaintiffs Plato.C.LLC ("Plato") and United Revenue Services, Inc. ("United Revenue"). Plaintiffs opposed the motion.[1] Defendants did not file a reply. Upon consideration of the papers filed by the parties, as well as the arguments presented at the July 26, 2005 hearing, the court denies the motion.[2]

---

[1] Plaintiffs filed their opposition brief less than twenty-one days before the hearing. (*See* Civ. L.R. 7-3(a)). The court has accepted and considered the papers submitted, but it does not condone the failure to make timely filings, and warns against future non-compliance.

[2] Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

United States District Court
For the Northern District of California

## I. BACKGROUND

For purposes of a Fed.R.Civ.P. 12(b)(6) dismissal, the factual allegations of plaintiffs' complaint are taken as true. The complaint and the attached exhibits provide the following background:

Plaintiff United Revenue operates a tax preparation business in San Jose, California on property owned by plaintiff Plato. The property is zoned for residential use. In October 2004, the City issued a Compliance Order requiring plaintiffs to bring the property into compliance. The complaint alleges that the original January 1, 2005 compliance deadline was later extended to February 7, 2005 to permit plaintiffs to file a Request for Preliminary Review in order to seek a zoning change. When plaintiffs failed to file a Request for Preliminary Review by the February 7, 2005 deadline, a hearing on the Compliance Order was set for March 10, 2005.

The complaint further alleges that United Revenue's representative, who is located on the East Coast, planned to attend the hearing, but was unable to do so because of a severe snowstorm. On March 9, 2005, the representative so advised the Board and requested that the hearing be continued. The Board denied the request for a continuance and proceeded with a hearing on March 10, 2005 without any representative of the plaintiffs.

On that same day, the Board issued Resolution 05-07 ("Resolution"), finding plaintiffs to be in violation of the property zone and assessing costs and administrative penalties. The Resolution further provided that if full compliance was not achieved by March 21, 2005, then additional penalties would accrue on a daily basis until full compliance with the Compliance Order was achieved.

Plaintiffs claim that the Board's denial of a continuance and the imposition of fines violates their constitutional rights. On April 22, 2005, they filed the instant lawsuit, asserting claims for the alleged deprivation of their rights to procedural and substantive due process and to equal protection. They also claim that the imposed fines violate their constitutional rights under the Eighth Amendment. They

seek damages, a declaration that their constitutional rights have been violated, as well as an order restraining defendants from giving any effect to the Board's March 10, 2005 resolution.[3]

Defendants now move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). They argue that plaintiffs are precluded from pursuing the instant action because they were obliged – but failed – to challenge the Resolution through a writ of administrative mandamus in state court.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal is appropriate only when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Ordinarily a court may look at the face of the complaint and documents attached to the complaint in deciding a motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

## III. DISCUSSION

The unreviewed findings of a state administrative tribunal are entitled to preclusive effect in a subsequent action in federal court, so long as the state proceeding satisfies the fairness requirements set out in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966) – that is, (1) the administrative agency acted in a judicial capacity, (2) the agency resolved disputed issues of fact properly before it, and (3) the parties had an adequate opportunity to litigate. *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032-33 (9th Cir. 1994) (citing *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966)). Thus, "[t]he threshold inquiry . . . is whether a state administrative proceeding was conducted with sufficient safeguards 'to be equated with a state court

---

[3] According to the complaint, in March 2005, shortly after the Resolution was issued, plaintiffs submitted a Preliminary Review Questionnaire requesting a zoning change. At the hearing on the instant motion, the parties confirmed that the City's review of that request is ongoing. If the request is granted, the parties agree that the fines imposed by the Resolution would cease to accrue. However, they state that there would still be a live dispute as to the payment of all fines which accrue up to that point.

3

1  judgment.'" *Id*. at 1033 (quoting *Plaine v. McCabe*, 797 F.2d 713, 719 (9th Cir. 1986)). "This
2  requires careful review of the administrative record 'to ensure that, at a minimum, it meets the state's
3  own criteria necessary to require a court of that state to give preclusive effect to the state agency's
4  decisions.'" *Id*. On the instant motion, the parties dispute whether plaintiffs had an "adequate
5  opportunity to litigate" such that plaintiffs are barred from proceeding with this federal action.

6        Defendants contend that plaintiffs had an "adequate opportunity to litigate" through a petition
7  for writ of administrative mandamus under California Code of Civil Procedure section 1094.5. Here,
8  defendants point out that while plaintiffs were notified of their right to seek mandamus (*see* Resolution
9  (Complaint, Ex. E)), they chose to forego that opportunity. There apparently is no dispute that the
10 constitutional issues raised in the complaint were not before the Board. Nevertheless, defendants
11 argue that the Resolution must be given binding effect because plaintiffs' claims – including any claims
12 of procedural unfairness in the Board's hearing process – could have been, but were not, decided by
13 the state court on mandamus.

14       Plaintiffs contend that the *Utah* minimum fairness requirements are lacking here because they
15 were deprived of any "opportunity to litigate" when the Board declined to continue the March 10,
16 2005 hearing. They further argue that administrative mandamus was not an available option because
17 (1) state law requires exhaustion of all administrative remedies before seeking mandamus; and (2) the
18 City's regulations provide that the failure to appear at an administrative hearing is a failure to exhaust
19 administrative remedies.

20       Preliminarily, the court notes its understanding that defendants are seeking dismissal of
21 plaintiffs' complaint based upon the doctrine of preclusion, as distinct from the doctrine of exhaustion
22 of state remedies. It is well-settled that exhaustion of state remedies is not a prerequisite to filing an
23 action for alleged violation of federal civil rights. *See Patsy v. Board of Regents of the State of*
24 *Florida*, 457 U.S. 496 (1982); *see also Miller*, 39 F.3d at 1034 n.3 (noting that exhaustion of
25 remedies is "inapposite" to the analysis of whether an administrative decision should be given
26 preclusive effect in a subsequent civil rights action).

27       Defendants argue that dismissal is mandated by *Miller v. County of Santa Cruz*, 39 F.3d
28 1030 (9th Cir. 1994) and *Misischia v. Pirie*, 60 F.3d 626 (9th Cir. 1995). In *Miller*, plaintiff was a

4

county employee who was fired for disciplinary reasons. After his appeal to the county civil service commission was denied, Miller could have, but did not, file a petition for writ of mandate in California state court under California Code of Civil Procedure § 1094.5. Instead, he filed a Section 1983 lawsuit in federal court for alleged procedural and substantive due process violations in connection with his termination. The Ninth Circuit affirmed the district court's dismissal of Miller's claims as barred by the unreviewed state administrative proceedings. It observed that Miller chose to pursue his claims administratively and could have raised his constitutional claims in the earlier administrative proceedings. It reasoned that Miller could not continue to litigate claims or issues related to his termination by recasting them in constitutional terms. *Id*. at 1034-35. It further noted that "[w]here, as here, the agency adjudication meets the requirements of due process, and de novo judicial review is available . . . concerns of comity and finality counsel against denying preclusive effect." *Id.* at 1038.

Similarly, in *Misischia*, the Ninth Circuit affirmed the dismissal of a Section 1983 lawsuit where the plaintiff "had an opportunity, which he chose not to take, for judicial review, and even for the presentation of evidence in the reviewing court to demonstrative procedural irregularities by the board." *Id*. at 630. In so ruling, the Ninth Circuit noted that "'[i]f an adequate opportunity for review is available, a losing party cannot obstruct the preclusive use of the state administrative decision simply by foregoing [the] right to appeal.'" *Id*. (quoting *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988)).

Plaintiffs, on the other hand, urge this court to follow several district court decisions in which unreviewed administrative decisions were not given preclusive effect in later Section 1983 lawsuits. In *Embury v. King*, 191 F. Supp.2d 1071 (N.D. Cal. 2001), the court held that plaintiff's failure to seek administrative mandamus as to his termination did not preclude his subsequent Section 1983 action where he had no hearing and no opportunity to present any evidence or testimony at the administrative level. Reasoning that administrative mandamus is a "special proceeding" limited to the administrative record, the court concluded that "[a]lthough section 1094.5 may provide an adequate opportunity to challenge a procedurally flawed administrative hearing, it does not provide an adequate opportunity to challenge an administrative decision rendered without any process at all." *Id*. at 1084.

5

In other cases cited by plaintiffs, preclusive effect was not given to unreviewed administrative decisions where the plaintiffs attended an administrative hearing, but the court nonetheless found that the hearing was not enough like a judicial proceeding to provide them with an "adequate opportunity to litigate." *See North Pacifica, LLC v. City of Pacifica*, 366 F. Supp.2d 927, 932 (N.D. Cal. 2005) (finding that defendant's preclusion argument was waived as untimely, but nonetheless concluding that preclusion was not warranted where plaintiff "was given some time to present an oral argument . . . [but] nothing in the record establishes that [it] could have presented evidence or subpoena, call, or cross-examine witnesses under oath."); *see also Guru Nanak Sikh Society of Yuba City v. County of Sutter*, 326 F. Supp.2d 1128, 1134 (E.D. Cal. 2003) (declining to give preclusive effect to an unreviewed administrative decision where, among other things, it was "hardly clear that the application review process before the Sutter County Board of Supervisors, which is essentially a legislative body, would be enough like a judicial process to make claim preclusion appropriate.").

The instant case does not fall squarely within the cases cited by either party, and this court is mindful of the "longstanding policy, arising out of concerns of comity and finality, of respecting state court systems for review of administrative decisions." *Miller*, 39 F.3d at 1038. However, under the particular circumstances presented, the court is unable to conclude that plaintiffs are barred from proceeding with their constitutional claims here. Unlike the instant case, the plaintiffs in *Miller* and *Misischia* were found to have had a full opportunity to present their arguments and evidence to the administrative bodies in question. In *Miller*, the plaintiff was represented by counsel at a public evidentiary hearing at which plaintiff was permitted to present oral argument and documentary evidence and to call witnesses. *Id*. at 1032. In *Misischia*, it is true that the plaintiff voluntarily chose not to attend one administrative hearing. However, his attorney attended two subsequent hearings at which he was permitted to make a presentation to the board on plaintiff's behalf. *Misischia*, 60 F.3d at 629.

At the same time, the circumstances of the instant case are not as extreme as those presented by *Embury*, where the plaintiff received no process at all. Nonetheless, plaintiffs were not at the March 10, 2005 hearing to present their arguments and evidence to the Board as to the Compliance

6

Order, and the allegations of the complaint indicate that the failure to appear was due to circumstances beyond their control. In these circumstances, this court finds that the instant action is closer to the *Embury* line of cases in which administrative mandamus was held not to be an "adequate opportunity to litigate" where the plaintiffs either had no process or no meaningful opportunity to litigate their claims at the administrative level.

Moreover, even if plaintiffs were to obtain a writ of mandate, the Ninth Circuit has indicated that "a mandamus action is a 'special proceeding' and does not bar a subsequent § 1983 action." *See Honey v. Distelrath*, 195 F.3d 531, 533 (9th Cir. 1999) (concluding that "[b]ecause the state proceeding was a mandamus action, the ordinary claim preclusion rules that bar parties from relitigating claims already decided by court on the merits do not apply here."); *see also Weinberg v. Whatcom County*, 241 F.3d 746, 750 (9th Cir. 2001) (same).

Accordingly, this court concludes that the minimum threshold requirements under *Utah* were not satisfied, and plaintiffs did not have an "adequate opportunity to litigate" such that plaintiffs are precluded from proceeding with this action.

### IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT defendants' motion to dismiss is denied.

Dated:  August 9, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:05-cv-1682 Notice will be electronically mailed to:

2  Clifford S. Greenberg    cao.main@ci.sj.ca.us

3  Marc G. Hynes    mhynes@netgate.net

4  George Rios    george.rios@ci.sj.ca.us

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.